### MARDOWITZ v. GOLDBERG et al.

(Supreme Court, Appellate Term. March 11, 1904.)

1. CONTRACTS—ASSIGNMENT—EVIDENCE—CONCLUSIONS.

In an action on a contract by an alleged assignee, his testimony that the contract had been "sold" or "transferred" to him was inadmissible, because stating a conclusion.

Appeal from City Court of New York, Trial Term.

Action by Michael Mardowitz against Harris Goldberg and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and Mc-CALL, JJ.

A. Morris, for appellants.
H. Kuntz, for respondent.

McCALL, J. Plaintiff (respondent in this case) was one of two partners, who leased the premises in question; but he endeavors to establish his right to sue individually under a pleaded assignment to him of all his copartner's interest. The evidence establishes the fact that this assignment was not in writing, and the portion of it upon which the plaintiff relies to prove an oral transfer is as follows: "Q. Before this action was commenced, did Kalisch sell, for a valuable consideration, to you, his share in this case? A. Everything. Q. (the Court): All? A. Kalisch transferred his right—everything—to me." This testimony was taken over objection, and subject to exception. The admission of Mardowitz's declarations and conclusions was erroneous. Assuming that a debt or claim can be assigned by parol as well as in writing, and that any transaction between contracting parties which indicates their intention to pass the beneficial interest in the right to one from another is sufficient for that purpose, yet this case, even on such a record, fails to sustain the real test of the validity of such a transfer, and the defendant is not sufficiently protected from subsequent action by the alleged transferror. The facts should have been shown. This is the only point in the case which was worthy of consideration on the appeal, but, for the error committed in the ad-

mission of this testimony, and in the view that the plaintiff has not established his cause of action, judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

FREEDMAN, P. J., concurs.  GIEGERICH, J., concurs in result.